UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62004-SMITH/VALLE

IN ADMIRALTY

ROBERT DESANTIS and
JOAN DESANTIS,

    Plaintiffs,

v.

VINCENT ATWOOD, individually,
and BLACKENED DOLPHIN
(hull number HEH35042J304), in rem,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court on Plaintiffs' Supplemental Motion for Award of Attorney's Fees, Costs, and Additional Expenses (ECF No. 39) (the "Motion"). Attorney Alan K. Marcus represented Plaintiffs in obtaining a Final Default Judgment in favor of Plaintiffs and against Defendants Vincent Atwood, *in personam*, and the Blackened Dolphin (hull number HEH35042J304), *in rem* (the "Vessel," and together, "Defendants"). *See* (ECF Nos. 33, 35). United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution. (ECF No. 40). The deadline for responding has passed and Defendants have failed to respond to the Motion.[1]

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the

---

[1] Defendant has also failed to respond to this Court's Order to Show Cause why the Motion (and a separately pending Motion to Compel (ECF No. 43)) should not be granted. *See* (ECF No. 44). The Motion to Compel will be determined by separate Order.

undersigned recommends that Plaintiffs be awarded $32,032.89 in attorney's fees, $2,500 in additional costs incurred for Coastal Marine, and $11,226.77 in *custodia legis* expenses incurred through July 2021.[2]

## I.   BACKGROUND

The background and procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 33) (Order Granting in Part Final Default Judgment); (ECF No. 35) (Final Judgment). In brief, in October 2020, Plaintiffs filed their Verified Complaint against Defendants pursuant to Rule 9(h) of Federal Rule of Civil Procedure, 28 U.S.C. § 1333, and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301, *et seq*. *See generally* (ECF No. 1); *see also* (ECF No. 33 at 1). The Complaint alleges that Defendant Atwood defaulted on a preferred mortgage for the Vessel.[3] (ECF No. 1 ¶¶ 9-12). Although Defendants were served, Defendants did not appear in this action or otherwise respond to the Complaint. *See* (ECF Nos. 16, 25). Consequently, on May 18, 2021, the District Court granted in part Plaintiffs' Motion for Final Default Judgment and entered a Final Judgment in favor of Plaintiffs and against Defendants. *See* (ECF Nos. 33, 35).

In granting Plaintiffs' Motion for Final Default Judgment, the District Court addressed Plaintiff's initial request for attorney's fees and costs. More specifically, the Court interpreted the Preferred Ship Mortgage between the parties (the "Mortgage") to "authorize Plaintiffs to recover

---

[2] Plaintiffs state that the matter was referred to the undersigned for a "hearing." (ECF No. 39 at 2). The record, however, confirms that the Motion was referred for "appropriate resolution." (ECF No. 40). Moreover, the matter is decided on the record as the Court itself is an expert on attorney's fees. *Williams v. Janice M. Riley, Inc.*, No. 19-CV-62004, 2021 WL 3682518, at *1 (S.D. Fla. Aug. 5, 2021) (denying request for a hearing on a fee dispute), *report and recommendation adopted*, No. 19-CV-62004, 2021 WL 3674776 (S.D. Fla. Aug. 19, 2021).

[3] The Vessel is a 35' Henriques fishing boat, valued at approximately $160,000. (ECF No. 39 at 6, 15).

2

all reasonable attorneys' fees, court costs, and other expenses incurred as a consequence of [Defendant] Atwood's default." (ECF No. 33 at 7). Nevertheless, the Court denied Plaintiffs' initial motion for attorney's fees without prejudice for failure to submit "satisfactory evidence to justify the reasonableness of . . . counsel's hourly rate and the number of hours expended." *Id.* at 9, 10. The District Court also awarded $6,005.53 in costs.[4] *Id*. at 10.

Thereafter, Plaintiffs filed the instant Motion, providing supporting documentation for their initial request for $37,685.75 in attorney's fees, requesting another $2,500 in costs, and $11,226.77 in *custodia legis* expenses for the Substitute Custodian. *See* (ECF No. 39 at 5, 20, 20-21).

## II. DISCUSSION

### A. Entitlement to Attorney's Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, the District Court has already found that Plaintiffs are entitled to an award of reasonable attorneys' fees and costs under the Mortgage. *See* (ECF No. 33 at 7). Accordingly, this Report and Recommendation focuses on the amount of fees and costs.

### B. The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that

---

[4] Although Plaintiffs initially requested $13,205.53 in costs, the District Court awarded only $6,005.53 based on the minimal documentation provided to support the initial request. (ECF No. 33 at 9-10). As discussed below, Plaintiffs have now filed supplemental supporting documentation with the Motion.

the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

**1.      Reasonable Hourly Rates**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida. Plaintiffs request an award of attorney's fees for attorney Marcus, associate Patricio Estupiñan, and a paralegal. (ECF No. 39-3 at 3); *see also* (ECF No. 32-9) (billing records listing timekeepers by initials "AKM," "PJE," and "JZA"). According to the affidavit of Wayne Atkins, Esq., filed in Support of the Motion, the

relevant Retainer Agreement listed the following hourly rates: $450 for attorney Marcus, $275 for associate Estupiñan, and $195 for paralegals. (ECF No. 39-3 at 3).

According to the Motion, Attorney Marcus has more than 40 years of experience practicing maritime law and has handled more than 25 cases involving the arrest of maritime vessels. (ECF No. 39 at 13, 15). The Florida Bar lists attorney Marcus as member of the Florida Bar since 1978. *See* https://www.floridabar.org/directories/find-mbr/profile/?num=266116 (last visited Mar. 2, 2022). The Notice of Previously Awarded Fees lists two cases (although neither is in federal court) in which attorney Marcus was awarded fees based on hourly rates of $350 (by an arbitrator in May 2021) and $450 (in a stipulated award in January 2020). *See generally* (ECF No. 42). For attorney Estupiñan and the paralegal who assisted in this matter, Plaintiffs provided only their hourly rates, but no information regarding their experience or skills.[5]

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[6]

---

[5] Based on the undersigned's independent research, attorney Estupiñan was admitted to the Florida Bar in 2017 and may no longer affiliated with attorney Marcus' firm. *See* https://www.floridabar.org/directories/find-mbr/profile/?num=127129 (last visited Mar. 2, 2022).

[6] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service; (4) preclusion of other employment due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Pennsylvania v. Delaware Valley Citizens' Council*

The Court has considered the relevant *Johnson* factors, and has reviewed attorney Atkins' affidavit, and the record in this case. For the reasons discussed below, the undersigned concludes that a reduction in the hourly rates is appropriate. First, the rate listed in the referenced Retainer Agreement is not determinative of what is a reasonable hourly rate. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001). Moreover, although attorney Marcus has substantial legal experience and this matter may have required constant coordination and communication with various individuals (including clients and their family members, Defendant Atwood, persons knowledgeable in locating and arresting vessels, and boat custodians, among others), the legal skills needed in this case fall within the usual realm of maritime law and arrest of a vessel and do not warrant a higher hourly rate of $450.[7] This Court has, in fact, recommended a lower hourly rate for attorneys with comparable years of experience in a similar case. *See, e.g., M&M Priv. Lending Grp., LLC v. M/Y Ciao Bella*, No. 19-CV-62350-SMITH, 2020 WL 5499102, at *3 (S.D. Fla. Sept. 3, 2020) (recommending $300/hr for an attorney with more than 40 years of experience in action involving the arrest of a vessel upon a mortgage foreclosure), *report and recommendation adopted*, 2020 WL 5500734 (S.D. Fla. Sept. 11, 2020); *see also Alexandre v. Millenia Housing Mngm't Ltd.*, No. 19-CV-80612-RKA (S.D. Fla. Mar. 4, 2020) (ECF No. 62) (recommending award of $400/hr to attorney with 39 years of experience). Counsel also concedes that the matter where attorney Marcus was awarded $450/hr was a

---

*for Clean Air*, 478 U.S. 546, 562 n.7 (1986). Additionally, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

[7] To be clear, according to the Motion, "Plaintiffs were very concerned that the [V]essel would not be found and would not be arrested" and requested that the search for the Vessel be expedited. (ECF No. 39 at 14). Additionally, even after the Vessel was arrested, "Plaintiffs were calling on a daily basis and at least twice a day to inquire as to why the Court had not yet entered the default[] [judgments] and demanding that [counsel] follow up and call the Court." *Id.* at 15. According to the Motion, the time limitations are but one of the factors that support the fees requested.

stipulated award in 2020 in a state court action, which is wholly different than the instant case. (ECF No. 42 at 3).  Lastly, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'"  *Fiedler v. Anglin's Beach Café, LLC,* No. 15-CV-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Accordingly, based on counsel's experience, qualifications, and the prevailing market rates in South Florida, the undersigned finds that $375 is a reasonable hourly rate for the work performed by attorney Marcus.  *See, e.g., M&M Priv. Lending Grp.*, 2020 WL 5500734 (adopting undersigned's recommendation of $300/hr for attorney with more than 40 years of experience in action to foreclosure on a mortgage and arrest a vessel); *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358-SMITH, 2021 WL 870526, at *2 (S.D. Fla. Mar. 9, 2021) (adopting the undersigned's recommendation that counsel with 20 years of experience be awarded fees at $350/hr in an FLSA default judgment case).  Moreover, without information on the experience, skills, and/or reputation of attorney Estupiñan to support a higher rate, the Court will reduce the hourly rate of attorney Estupiñan to $200/hr (based on approximately four years of experience).

On the other hand, the undersigned concludes that Plaintiffs' request to recover fees for work performed by a paralegal (who presumably bears the initials "JZA" in the billing records) should be denied.  *See, e.g., Caplan v. Mallory*, No. 19-CV-62103, 2021 WL 883493, at *4 (S.D. Fla. Feb. 26, 2021) (recommending against award of fees for paralegal for lack of detailed time records), *report and recommendation adopted*, 2021 WL 879198 (S.D. Fla. Mar. 9, 2021).  "A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney." *Caplan*, 2021 WL 883493, at *4 (citation omitted).  However, "work that is clerical or secretarial in nature is not separately recoverable." *Id.*  Here, the time

7

records reveal that paralegal "JZA" spent approximately five hours on "correspondence" to various individuals. *See* (ECF No. 32-9 at 7, 10, 11, 12, 15, 16, 17, 19, 23, 24, 27); *but see* (ECF No. 32-9 at 20) (12/22/20 entry listing "JZA" as expending .25/hr drafting notice of filing proof of publication). At a glance, most of the time entries for paralegal "JZA" lack sufficient detail to evaluate whether these fees would be recoverable as work traditionally done by an attorney or work that is clerical. Thus, the undersigned finds that Plaintiffs have failed to meet their burden of providing specific and detailed evidence supporting the tasks and time expended by the paralegal on this matter. *ACLU*, 168 F.3d at 427. Consequently, the hours billed by the paralegal should be excluded and the undersigned need not decide whether the hourly rate for paralegal "JZA" is reasonable.[8]

### 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or

---

[8] The recommended reduction in the hours expended by paralegal "JZA" is included within the percentage reduction in fees calculated below.

unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The undersigned has reviewed counsel's billing records. *See generally* (ECF No. 32-9). Plaintiffs request fees for a total of 118.5 hours for work done by attorneys Marcus and Estupiñan, and a paralegal. (ECF Nos. 39 at 5, 6, 39-3 at 3, 5). However, counsel's billing records do not break down the the time expended by individual timekeepers. As noted above, the time incurred by paralegal "JZA" should be excluded. *See, e.g., Caplan,* 2021 WL 883493, at *5 (excluding time incurred by paralegal for lack of detailed time records).

In addition, the hours expended by attorneys Marcus and Estupiñan should be adjusted to address certain billing inefficiencies. *See, e.g., Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688-SMITH, 2021 WL 1092214, at *6 (S.D. Fla. Mar. 4, 2021) (recommending a 5% reduction for billing inefficiencies), *report and recommendation adopted*, 2021 WL 1089895 (S.D. Fla. Mar. 22, 2021). First, on several occasions, attorneys Marcus and Estupiñan both billed for "review and/or work" on the same task. For example, on August 27, 2020, attorneys Marcus and Estupiñan both reviewed correspondence to/from the client in time increments of .10/hr and .15/hr, without further description. (ECF No. 32-9 at 4). The same occurred on October 7, 2020, when attorney Marcus billed .25/hr and attorney Estupiñan billed .15/hr for review of correspondence regarding Valuation Survey. (ECF No. 32-9 at 9); *see also* (11/19/20 entries for attorney Marcus for .25/hr and attorney Estupiñan for .2/hr, for reviewing Order denying Service by Publication); (12/1/20 entries for attorney Marcus (.10/hr) and Estupiñan (.2/hr), both reviewing correspondence from client); (1/11/2021 entries for attorney Marcus (.2/hr) and Estupiñan (.1/hr), both reviewing correspondence from client); (1/13/21 entries for attorney Marcus (.2) and Estupiñan (.1), both reviewing correspondence from client regarding Defendant Atwood). Although there is nothing inherently unreasonable about a client relying on multiple

attorneys, the fee applicant must establish that the time spent reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple lawyer litigation. *See, e.g., Garcia v. J & J, Inc.*, No. 19-CV-60728, 2021 WL 633377, at *7 (S.D. Fla. Feb. 1, 2021), *report and recommendation adopted sub nom. Garcia v. J&J, Inc.*, 2021 WL 616529 (S.D. Fla. Feb. 17, 2021); *Berkley Vacation Resorts, Inc. v. Castle L. Grp., P.C.*, No. 18-CV-60309, 2019 WL 7344834, at *5 (S.D. Fla. Nov. 18, 2019) (citations omitted), *report and recommendation adopted*, 2019 WL 7344793 (S.D. Fla. Dec. 11, 2019); *see also Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *6-7 (S.D. Fla. Aug. 27, 2019) (finding hours excessive where multiple attorneys billed for the same tasks without clarifying the "distinct contribution [of] each lawyer"). Here, Plaintiffs failed to show the distinct contributions of the attorneys for the hours expended in this matter. *ACLU*, 168 F.3d at 432 (emphasizing that the burden to show the distinct contribution of each lawyer is not a make-believe burden). Accordingly, the overall hours should be reduced to account for this billing inefficiency.

The records also reveal inappropriate "block billing." "Block billing" is the practice of including multiple distinct tasks within the same time entry. *See Interim Healthcare, Inc. v. Health Care@Home, LLC*, No. 17-CV-61378, 2019 WL 6791465, at *1 (S.D. Fla. Nov. 27, 2019), *report and recommendation adopted*, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019). To illustrate, without indicating how much time was spent on each task, the August 18, 2020 five-hour time entry for attorney Marcus reflects "[r]eview and [f]inalize Complaint; Motion for Substitute Custodian; Affidavit of Substitute Custodian; Motion for Order Directing Issuing Warrant of Arrest; Notice of Action in Arrest of Vessel; Order Directing Issuance of Warrant of Arrest and/or Summons." (ECF No. 32-9 at 2).

The hours expended should also be reduced to account for excessive time billed for telephone calls to the Court. Indeed, the District Court previously questioned the "approximately

three and one-half hours for conferences with the Court," noting that "[a]bsent counsels' occasional request for status updates on the case, the Court is not aware of any of conferences with Plaintiffs' counsel lasting for the durations indicated in the billing records." (ECF No. 33 at 9 n.3). In the Motion, Plaintiffs explain that these entries reflect phone calls to the District Judge's Chambers to inquire about the status of the default judgment. (ECF No. 39 at 11-12).

In reviewing the billing records, the undersigned agrees with the District Court. Most calls from litigants to a Judge's Chambers inquiring about the status of matters usually last less than five minutes (i.e., .1/hr). Without detail to support a longer discussion with Chambers' staff, attorney Estupiñan billed for several telephone calls that, in the undersigned's experience, appear too long. *See, e.g.*, (1/27/21 entry for .45 for telephone call regarding status of Motion for Default); (2/2/21 entry for .25 for telephone call regarding update on Orders); (2/5/21 for .35 for telephone call regarding Order on Default Judgment); (2/23/21 entry for .35 for telephone call with Court regarding update on Final Judgment Order); (3/1/21 entries for telephone conference with Judicial Assistant regarding entering Order on Motion for Default (.25) and second telephone conference regarding Order reaching Judge's desk (.15)); (3/22/21 entry for .35 for telephone conference with Judge's chambers regarding status of Motion for Default Judgment); (3/26/21 entry for .30 regarding status on pending Order of default).[10] Accordingly, these entries need adjustment.

For the foregoing reasons, the undersigned concludes that a reduction in the requested hours is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 15% reduction to the fees requested to account for the billing inefficiencies. *See, e.g.*, *Floridians for Solar Choice,* 2021 WL 1092214, at *5 (recommending a 5% reduction for billing inefficiencies); *Interim Healthcare*, 2019 WL 6791465,

---

[10] These time entries are listed in ECF No. 32-9 in chronological order.

at *6 (recommending a 10% reduction for billing inefficiencies); *Berkley Vacation Resorts,* 2019 WL 7344834, at *5 (recommending a 15% reduction for billing inefficiencies); *Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (adopting a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (adopting a 30% reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut). Accordingly, the undersigned recommends that Plaintiffs be awarded $32,032.89 in attorney's fees, reflecting a 15% reduction in the fees requested. This amount results from $37,685.75 (the amount requested) x .85 = $32,032.89 (reflecting 15% reduction for billing inefficiencies). *Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013) (noting that where an hour-by-hour review is impractical, the Court can cut either the total number of hours or the lodestar amount).

    **C.**    **Costs and *Custodia Legis* Expenses**

Plaintiffs seek $8,503.53 in costs. (ECF No. 39 at 5, 18, 20). The District Court previously awarded Plaintiffs $6,005.53 on Plaintiffs' initial request. (ECF No. 33 at 9-10). Although Plaintiffs' initial request mistakenly included a double entry for the expenses paid to Coastal Marine, counsel confirms that it paid Coastal Marine a $2,500 retainer for the search of the Vessel, separate from the $1,500 for the actual arrest of the Vessel. (ECF No. 39 at 19-20); *see also* (ECF No. 32-10 at 15) (listing costs, including payments to Coastal Marine for: $2,500 (retainer) on

9/15/2020 and $1,500 (final payment) on 10/2/2020). Therefore, Plaintiffs seek an award for the outstanding $2,500 for the retainer to Coastal Marine. (ECF No. 39 at 20).

As noted above, under the Mortgage, Plaintiffs are entitled to recover for the costs and other expenses in this case. (ECF No. 33 at 9). Based on the representations in the Motion, which corrects the initial request and provides supporting documentation, the undersigned recommends that Plaintiffs be awarded $2,500 for the retainer cost incurred for Coastal Marine.

Plaintiffs also seek an award of $11,226.77 for additional expenses incurred for the court-appointed substitute custodian, Jones Super Yacht Miami, Inc, i.e. *custodia legis* expenses. (ECF Nos. 33 at 6, 39 at 20-21). The District Court has already awarded *custodia legis* expenses of $39,237.97, calculated through April 2021. (ECF No. 33 at 6). Without supportive documentation, the Court denied without prejudice Plaintiffs' request for expenses incurred after April 2021. *Id.; see also M&M Priv. Lending Grp.,* 2020 WL 5499102, at *2 (recommending denial of *custodia legis* expenses pending supportive documentation). Based on Plaintiffs' representations and the supportive documentation attached to the Motion (ECF No. 39-4), the undersigned recommends that Plaintiffs be awarded $11,226.77 in additional *custodia legis* expenses incurred through July 2021.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiffs' Supplemental Motion for Award of Attorney's Fees, Costs, and Additional Expenses (ECF No. 39) be **GRANTED IN PART**. Plaintiffs should be awarded $32,032.89 in attorney's fees, $2,500 in additional costs incurred for Coastal Marine, and $11,226.77 in *custodia legis* expenses incurred through July 2021;

2. Within three business days, Plaintiff must serve Defendant with a copy of this Report and Recommendation and file a Notice with the Court providing evidence of the same.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this March 2, 2022.

 ALICIA O. VALLE
 UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
 All Counsel of Record